## Case No. 1,856.

### BRICE et al. v. SOMERS et al.

[1 Flip. 574;[1] 2 Law & Eq. Rep. 321; 2 N. Y. Wkly. Dig. 478; 8 Chi. Leg. News, 290; 1 Cin. Law Bul. 123.]

Circuit Court, N. D. Ohio. May 20, 1876.

PETITION FOR REMOVAL OF CAUSE—REMOVAL FROM STATE TO FEDERAL COURT — BEFORE FINAL HEARING—WHEN CASE APPEALED.

1. The act of congress of March 2, 1867 [14 Stat. 558], only authorizes a removal where an application is made before the final hearing or trial of the suit, and this means before final judgment in the court of original jurisdiction where the suit is brought.

[See Stevenson v. Williams, 19 Wall. (86 U. S.) 572; Boggs v. Willard, Case No. 1,603.]

2. When a case is commenced in the common pleas court of a state, and a trial had in such court, and the case appealed to the district court of the state, it is then too late to ask to have such cause removed into the United States court, under the above-named act.

[See Lowe v. Williams, 94 U. S. 650; In re Frazer, Case No. 5,068; Craigie v. McArthur, Id. 3,341.]

S. Meyer, for plaintiffs.

J. A. Ambler, F. L. Baldwin, and Lynch & Day, for defendants.

WELKER, District Judge. William Brice & Co., on the 18th day of November, 1872, filed their petition in the court of common pleas of Stark county, Ohio, against Henry Somers and others, including George W. Trimble, to foreclose a mortgage executed to them by said Henry Somers, on a tract of twenty acres of land owned by him, situate in Stark county, with a distillery and other buildings thereon, the same being recorded the 10th of February, 1872, and on which they claimed the sum of $7,107.01. George W. Trimble was made a defendant, with others who claimed interests in, or liens upon said real estate. Trimble in his answer, sets up as a defense, that after the execution of the mortgage to William Brice & Co., Somers and others associated with him, carried on the distillery business on the premises so mortgaged, and that divers taxes were assessed against them, under the internal revenue laws of the United States, by the officers of the government, which taxes, it is averred, were a first lien on the distillery and premises, and a superior lien to the mortgage of Brice & Co.; that the taxes not being paid to the collector of the district on the 10th day of October, 1872, in pursuance to the provisions of the revenue law, he sold said mortgaged premises to the defendant Trimble to pay the taxes so assessed, and gave him the proper certificate of purchase; that under said sale he took and holds possession of the mortgaged premises and claims title thereto. Brice & Co. filed their reply to this answer, making an issue upon the same.

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

At the February term, 1874, of the court of common pleas of Stark county, a hearing was had of the case, and the issue found in favor of the defendant, Trimble, and a decree was entered dismissing the petition of Brice & Co., at their costs. Within the time prescribed by the Ohio statute, William Brice & Co., in the manner provided by law, appealed said case to the district court of said Stark county, where the same is now pending. Whilst said cause was pending in Stark county, on the 30th day of September, 1875, this petition for removal to this court was filed by the defendant, Trimble. In it he alleges as cause for removal, that he holds title to the mortgaged premises derived from the collector of internal revenue, an officer of the United States, and that the action is brought against him to defeat his title, and affects the validity of the internal revenue laws of the United States.

Brice & Co. now file their motion in this court to dismiss the petition of Trimble for such removal.

1st—Because the case, previous to the filing of this petition, whilst pending in the court of common pleas of Stark county, had been finally heard and tried in that court, and there was there a final trial and final hearing of the cause between the parties, and a final decree entered therein, and therefore this court after such fact has no jurisdiction.

2d—Because of other manifest reasons apparent on the face of the proceedings.

On the argument it was claimed that the petition did not show that by the defense set up in the answer of Trimble, the validity of the internal revenue law was affected, so as to constitute a cause for removal under section 643 of the Revised Statutes of the United States.

In the view I take of the motion, it is not necessary to decide this question.

The first ground for the motion involves the construction of the provisions of section 643, fixing the time at which a petition for removal may be filed. It provides that it may be filed "at any time before the trial or final hearing thereof." This has been construed to mean the same as if it read "final trial, or final hearing;" and that trial refers to cases at law, and hearing to chancery causes. This case is what would be denominated in this court a chancery cause. The inquiry here arises, and this is the question to be determined: What is a final hearing within the meaning of the act of congress? Does it mean a final hearing in the court in which the suit is commenced, or does it mean the final hearing in an appellate court to which it may be carried? In the case of Home Life Ins. Co. v. Dunn, 19 Wall. [86 U. S.] 214, the supreme court decided that where a second trial is allowed in the same court, by the statute of the state, the first trial is not a final trial, and before the second trial a petition for removal could be filed. The statute of Ohio (Swan

& S. 589) does not allow a second trial in the class of cases now before us. Instead thereof, an appeal is allowed by either party upon giving bond, etc., from the court of common pleas to the district court of the county, and it provides "that the action so appealed shall be again tried, heard and decided in the district court in the same manner as though said district court had original jurisdiction of the action." After the appeal is thus perfected, the case is tried or heard in the appellate court as though originally commenced there, and does not return to the common pleas for any action in reference to the trial or hearing, but may come back for the purpose of execution of the judgment or decree of the district court.

It is claimed by counsel for Trimble, that such appeal vacates the decree of the common pleas, and that the hearing or trial in the district court is a second hearing or trial, and that therefore the first hearing in the common pleas is not a final hearing; that the case of Home Life Ins. Co. v. Dunn is not authority against this view, but substantially supports it; that the hearing on appeal is but the second hearing of the same case, and amounts to the same as the second trial in the same court. It is true that the appeal vacates the decree of the common pleas; but is it not also true that the decree so far as that court is concerned is final —no other or further hearing thereof can be had in that court? In which court, then, is the "final hearing" referred to in the statute, before which the petition may be filed? In the case of Stevenson v. Williams, 19 Wall. [86 U. S.] 572, the supreme court, it seems to me, have settled that question. In that case, Justice Field, delivering the opinion, says: "The act of congress of March 2, 1807 [1867], under which the removal is asked, only authorized a removal where an application is made 'before the final hearing or trial of the suit,' and this clearly means before final judgment in the court of original jurisdiction where the suit is brought." In that case suit was originally brought in the district court by Williams to annul a judgment before that time recovered by Stevenson, and a judgment rendered in the district court in favor of Williams, which was appealed from that court to the supreme court of Louisiana, and while so pending on such appeal the petition for removal to the circuit court of the United States was filed by Stevenson. It does not appear in the case whether the appeal vacated the judgment of the district court, but that did not seem to be important in the case, as the court put it upon the ground that there has been a final judgment of the court of original jurisdiction, and where the suit was brought, and after that, it was too late to file the petition for removal. This construction is supported by the phraseology of the section of the statute itself. It provides that where any civil suit, etc., is commenced

in any court of a state, not pending in any court of a state, against an officer, etc., a petition for removal may be filed, etc. The same words are substantially used in all of the removal statutes from the act of 1789 to the present time. Again, the section also provides that where suit is commenced in a state court by summons, petition for capias, etc., the clerk of the circuit court shall issue a writ of certiorari, or habeas corpus, to be served upon the clerk of such state court, requiring him to send copies, etc. These expressions of the act seem to refer alone to the cases pending in the state court in which they were commenced. Any other construction would in effect make this court an appellate court from the court of common pleas, making the state district court a mere highway to reach this court by way of appeal. To reach this court parties could try the case in common pleas, and on defeat appeal to the district court, and while the case was there pending, file the petition here for removal and then re-try the case in this court. But it is claimed by counsel for the defendant, Trimble, that two terms of the circuit court having been held after the filing of the transcript and pleadings, and before the motion to dismiss was filed, it was too late to do it then. If the complainants had appeared and pleaded in the case after such filing, it might be regarded as a waiver of the right to make the motion, and an admission of the jurisdiction of this court. No new pleadings were, however, filed by the complainants before their motion to dismiss, and this objection is not, therefore, well taken.

The motion to dismiss is sustained, and order entered accordingly.